### LOWENTHAL et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 2, 1895.)

CUSTOMS DUTIES—CLASSIFICATION—ASTRACHAN TRIMMINGS.

　　Certain articles, commercially known as "Astrachan trimmings," were
woven on a loom, and consisted of a foundation of cotton and a long,
curled pile, composed of goat hair, which was of chief value, the material
being woven in strips, which were afterwards cut apart, and the sides
stitched under, suitable to be made up into dress trimmings. *Held*, that
this merchandise was properly classified for customs duty as "manu-
factures of goat hair and cotton as trimmings," at 60 cents per pound and
60 per cent. ad valorem, under paragraph 398 of the tariff act of October
1, 1890, and not as manufactures of wool, worsted, or mohair, according
to value, under paragraph 392 of the same tariff act.

At Law.

　　Appeal by the importers from a decision of the board of United States
general appraisers affirming decision of the collector of the port of New York
upon the classification for customs duties of certain Astrachan trimmings
entered at said port in August, 1892, which were classified for duty by the
said collector as "manufactures, goat hair and cotton, goat hair chief value,
as trimmings," at 60 cents per pound and 60 per cent. ad valorem, under
paragraph 398 of the tariff act of October 1, 1890, which, omitting unimpor-
tant provisions, is as follows:
　　"398. On webbings, * * * dress trimmings, laces and embroideries, head
nets, buttons, or barrel buttons, or buttons of other forms, for tassels or
ornaments, wrought by hand or braided by machinery, any of the foregoing
which are elastic or non-elastic, made of wool, worsted, the hair of the camel,
goat, alpaca, or other animals, or of which wool, worsted, the hair of the
camel, goat, alpaca, or other animals is a component material, the duty shall
be sixty cents per pound, and in addition thereto sixty per centum ad
valorem."
　　Against this classification the importers protested upon several grounds,
but chiefly that the goods were manufactures of wool, worsted, or mohair,
chief value, and dutiable according to value, under paragraph 392 of said
tariff act. The board of general appraisers took the testimony of certain
witnesses, from which it appeared that the merchandise was commercially
known as "Astrachan trimmings," and was included in the class of dress
trimmings; that the material consisted of a foundation composed of cotton,
woven in broad widths, and having at intervals, separated by plain pieces
of the foundation, a curly pile of goat hair; that, after the weaving, these
strips were cut apart by hand, and the edges turned under and stitched.
The board of general appraisers decided: (1) That the importation was

made under the tariff act of October 1, 1890; (2) that the merchandise was commercially known at the date of the passage of the tariff act as "dress trimmings"; (3) that it was in fact dress trimmings, goat hair being the chief value; (4) woven, and then slit and turned under by hand, thus made suitable for dress trimmings; (5) that the merchandise was not commercially pile fabrics. In re Herrman, 52 Fed. 941, affirmed 5 C. C. A. 582, 56 Fed. 477. Following the principle established by the supreme court in Robertson v. Salomon, 144 U. S. 603, 12 Sup. Ct. 752, the board held that these dress trimmings were properly dutiable under paragraph 398, and affirmed the decision of the collector.

On appeal to this court, the importers' counsel argued that the provision in paragraph 398 of the tariff act required that all of the articles therein enumerated must be "wrought by hand or braided by machinery," and that the merchandise in question, being admittedly woven in a loom, and only cut into strips and roughly basted by hand, was not within the provisions of the paragraph.

The United States attorney, for the government, contended that, if the provision cited should be held to apply to all the articles mentioned in the paragraph, these dress trimmings, while woven in the piece, were yet wrought by hand by the cutting of the strips and the sewing down of the sides; but the chief contention on behalf of the government was that the case of Robertson v. Salomon, supra, decided by the supreme court, where the gorings in question in that case were shown never to be wrought by hand or braided by machinery, conclusively established the rule of construction as applicable to this paragraph,—that the provision "wrought by hand," etc., applied only to the immediate antecedent, the "buttons, or barrel buttons, or buttons of other forms," and had no application to the other articles enumerated in the paragraph.

Comstock & Brown, for appellants.

Wallace Macfarlane, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty.

WHEELER, District Judge. Paragraph 398 of the tariff act of 1890 provides for a duty "on webbing, * * * cords and tassels, dress trimmings, laces and embroideries, head nets, buttons, or barrel buttons, or buttons of other forms, for tassels or ornaments, wrought by hand or braided by machinery any of the foregoing which are elastic or non-elastic, made of wool, worsted, the hair of the camel, goat, alpaca, or other animals." These articles are dress trimmings of mohair, woven in the piece, and cut apart and hemmed by hand. They were assessed as dress trimmings under this paragraph, instead of as manufactures of wool and of hair of animals, not specially provided for under paragraph 392. They are included in 398, unless the words "wrought by hand or braided by machinery" apply to dress trimmings. These words are, however, directly connected with "buttons of other forms, for tassels or ornaments," and separated by "or" from the articles preceding these buttons. Therefore, most naturally and grammatically, these words do not apply to articles before this "or." The following words of description are carried back to all the articles by the broad words "any of the foregoing"; and these specific words, "wrought by hand or braided by machinery," would also, if intended to apply back to all the articles, have been placed after, and brought under the meaning of, these general words. These articles seem to be dress trimmings, specifically described in 398, and to have been properly assessed as such. Decision affirmed.